Dear Ms. LaPlace:
You have requested an opinion from this office regarding the refund of qualifying fees for candidates for public office who withdraw prior to the election. Specifically, you ask whether your office must refund the qualifying fee to a candidate for judge in the 19th Judicial District who qualified during the period of October 3 — 5, 1990. You indicate that the withdrawal took place on October 10, 1990, which was twenty-seven days prior to November 6, 1990, the scheduled date of the election.
At the time of this candidate's withdrawal, LSA-R.S. 18:501, which provides the procedure with regard to the withdrawal of a candidate prior to the election, read as follows:
A. Procedure for withdrawal. Prior to the close of the polls on election day, a candidate in a primary or general election may withdraw from the election by filing notice of his withdrawal, signed by the candidate and duly acknowledged by him before an officer authorized to administer oaths, with the secretary of state, who shall forward a copy of the notice of withdrawal filed by a local or municipal candidate to the president of the board of election supervisors and the clerk of the parish in which the candidate has qualified.
B. Refund of qualifying fees. If the withdrawal is filed prior to the fifty-sixth day before the election, fifty percent of the qualifying fee paid by the candidate shall be refunded by the state treasurer from the escrow account in which these deposits were credited. If the withdrawal is filed on or after the fifty-sixth day before the election, the deposit shall not be refunded.
Subsection B (above) was amended in the 1990 Legislative Session, effective January 1, 1991, to read as follows:
B. Refund for qualifying fees. If the withdrawal is filed prior to the fifty-sixth day before the election, fifty percent of the qualifying fee paid by the candidate shall be refunded by the state treasurer from the escrow account in which these deposits were credited. If the withdrawal is filed on or after the fifty-sixth day before the election, the deposit shall not be refunded. However, if the fifty-sixth day falls on or before the seventh day following the last day for qualifying, the candidate shall have until the seventh day following the last day for qualifying to receive such a refund. (Emphasis added.)
The issue here is whether the amended law applies only prospectively from its effective date of January 1, 1991, in which case the prior law would control and the candidate would not be entitled to a refund, or whether the amendment also has retroactive effect.
La.C.C. Art. 6, which relates to the retroactive effect of laws, provides as follows:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively unless there is a legislative expression to the contrary.
There is no legislative expression as to whether this statute was intended to be applied prospectively or retroactively. It appears that the amended statute was interpretative in nature. An "interpretative law" is one "that remedies an error or ambiguity in the prior law". La.C.C. Art. 6, Comment (d). This statute was amended to determine the rights of the respective parties relative to withdrawal in situations where there is less than fifty-six days before the election seven days after qualifying ends. Since this situation was not addressed in the prior law, this statute is remedial in nature.
Procedural and interpretative laws apply both prospectively and retroactively unless they violate vested rights or obligations of contracts. Ardoin v. Hartford Acc. Indemnity Co., 360 So.2d 1331 (La. 1978). At the time that the amended statute became effective, the Secretary of State's office did have the vested right to keep the qualifying fee paid by the candidate who withdrew. Therefore, it is our conclusion that this amended statute is to apply prospectively only.
The Civil Code, however, does not allow a literal interpretation of the law when it would lead to absurd results. In this regard, La.C.C. Art. 9
provides as follows:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
The time period in this case between qualifying and the election was considerably shortened due to an injunction against the judicial elections in this state. Because of this injunction, it was impossible for the candidates for the state judiciary to qualify for election more than fifty-six days before the election, and it would thus be impossible for a candidate to withdraw more than fifty-six days prior to the election. Therefore, it is the opinion of this office that a literal interpretation of LSA-R.S. 18:501 (B) would, indeed, lead to an absurd result in this case. For this reason, it is the further opinion of this office that the judicial candidate in question is entitled to a refund of one-half of his qualifying fee, or three hundred dollars.
Trusting this to be of sufficient information, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
NWE:vls-0356l